IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James J. JACOBI, Attorney at Law.

Supreme Court

*No. 92-0447-D. Filed January 28, 1993.*

(Also reported in 494 N.W.2d 427.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

■ We review the recommendation of the referee that the license of Attorney James J. Jacobi to practice law in Wisconsin be suspended for a period of 90 days as discipline for professional misconduct consisting of his neglect of a criminal client's legal matter, his failure to inform that client of numerous adjournments of a trial date and failure to discuss with him the availability of a speedy trial before he represented to the court that there were no speedy trial issues in the case. He also failed to engage in trial preparation, seek a bail hearing requested by the client and perform other work to advance his client's interests.

We determine that the recommended 90-day license suspension is appropriate discipline to impose for Attorney Jacobi's misconduct. He has twice previously been reprimanded for his failure to diligently pursue clients' legal matters. Here, his professional misconduct had serious repercussion on the client, who remained jailed for more than a year awaiting trial.

Attorney Jacobi was admitted to practice law in Wisconsin in 1976 and practices in Rhinelander. At the time relevant to this proceeding, he was an attorney with the State Public Defender office. In January, 1984 he was privately reprimanded by the Board of Attorneys Professional Responsibility for failing to adequately and timely prepare defense witnesses for a client's murder trial. In January, 1989 he was publicly reprimanded for failing to timely advise a client of an adjourned court

appearance, which resulted in the issuance of a bench warrant for his client's arrest and jailing overnight, and his failure to appear on the client's behalf at the adjourned hearing or inform the court or the prosecutor of his difficulty in communicating with his client.

On the basis of the parties' stipulation of facts and the testimony at the disciplinary hearing, the referee, the Honorable Rodney Lee Young, reserve judge, made the following findings of fact. In January, 1988, Attorney Jacobi was assigned to defend a man on charges of sexual assault. At about the same time, the man was appearing in circuit court for sentencing on a felony sexual assault charge and three misdemeanor counts. He was sentenced to seven years' imprisonment on the felony charge and nine months, concurrent, on each of the misdemeanor counts. Following sentencing, the man was incarcerated at Waupun Correctional Institution.

Trial on the subsequent sexual assault charges was scheduled for June 30, 1988 and adjourned three different times, upon the request of Attorney Jacobi. Attorney Jacobi, however, did not inform his client of the requested adjournments. Prior to a March 8, 1989 trial date, the client and Attorney Jacobi agreed to accept the prosecutor's offer to recommend a sentence to run concurrently with the sentence the client was then serving. The client was then transferred to county jail to await a plea hearing and sentencing. On March 7, 1989 and prior to the client's entry of a guilty plea, the Court of Appeals reversed his prior conviction and remanded the case for a new trial. Attorney Jacobi was assigned to represent the client in the new trial as well as in the pending case.

The court set bail at $10,000 but the client remained in the county jail for the following 14 months, during which time Attorney Jacobi visited him only twice, in May of 1990. In March, 1989, the client wrote to Attor-

ney Jacobi asking his assistance in obtaining release on bail but Attorney Jacobi did not respond to the letter or take any action on the request. The client then wrote to him on March 17, 1989 asking assistance in addressing conditions of confinement, wrote to him on March 24, 1989 asking about release on bail and wrote to him on July 1, July 12 and September 14, 1989 asking Attorney Jacobi to see him at the jail and, on the latter date, seeking his assistance in recovering funds that had been left at Waupun. Attorney Jacobi did not respond to any of those requests and took no action on them; neither did he respond or otherwise act on letters the client wrote to him in December, 1989 seeking help in obtaining medical assistance and in January, 1990 seeking information on the status of his cases.

When the court issued a trial date for May, 1989, Attorney Jacobi wrote the court asking for an adjournment because he had been suspended from practice for failing to comply with continuing legal education requirements. In that letter, he told the court that the prosecutor would likely seek a consolidation of the two cases against his client and told the court there were no speedy trial issues in regard to either case. However, Attorney Jacobi had not consulted with his client concerning whether he wanted a speedy trial. The court scheduled a consolidated trial for November, 1989, which was again adjourned, but Attorney Jacobi did not inform his client of the adjournment. Eventually, Attorney Jacobi took medical leave from his public defender position and another attorney was appointed to represent the client.

The referee concluded that by failing to consult with his client concerning whether he wanted a speedy trial before he told the court there were no speedy trial issues in the pending cases, Attorney Jacobi violated SCR

20:1.2(a).[1] The referee also concluded that Attorney Jacobi's failure to engage in trial preparation, seek a bail hearing and perform other work to advance his client's interests constituted a violation of SCR 20:1.3.[2] Finally, the referee concluded that Attorney Jacobi's failure to inform his client of numerous requests for adjournments and actual adjournments that were granted and his failure to respond to his client's request for meetings, information and assistance violated SCR 20:1.4(1).[3]

After receiving the referee's report in this proceeding, the court ordered Attorney Jacobi to show cause why his license to practice law should not be suspended for six months as discipline for professional misconduct, in light of the serious effect it had on his client and the fact that Attorney Jacobi twice had been reprimanded for similar misconduct. In his response, Attorney Jacobi

---

[1] SCR 20:1.2 provides:

**Scope of representation**

(a)   A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[2] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4 provides:

**Communication**

(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

contended that the decision of the circuit court in the postconviction proceeding holding that his representation of the client did not constitute ineffective assistance of counsel constituted a finding that he did not engage in professional misconduct as alleged in this proceeding, as the postconviction proceeding considered the same evidence presented here. Attorney Jacobi's contention is without merit.

Attorney Jacobi also set forth in his response, for the first time in this proceeding, his contention that he had been medically incapacitated at all pertinent times during the representation of the client. That issue was not raised before the referee and is based on facts not previously alleged or established in the proceeding. Nonetheless, the referee had noted in his report Attorney Jacobi's apparent recovery from substance abuse, noting that his addiction to alcohol and abuse of controlled substances, to which he had testified at the disciplinary hearing, had never been asserted as a defense to allegations of professional misconduct.

Having considered the response of Attorney Jacobi and the position of the Board of Attorneys Professional Responsibility on the issue of discipline, the court determines that the 90-day license suspension recommended by the referee is appropriate discipline to impose for Attorney Jacobi's professional misconduct.

IT IS ORDERED that the license of James J. Jacobi to practice law in Wisconsin is suspended for a period of 90 days, commencing April 1, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order James J. Jacobi pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing

to this court of his inability to pay the costs within that time, the license of James J. Jacobi to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that James J. Jacobi comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.